IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW YORK LIFE INSURANCE COMPANY,

    Plaintiff,

vs.                                              Civ. No. 17-621 KG/KK

ROGER SAUL, ROSANNE SILVA and
ESTATE OF JAMES SILVA SR. deceased,

    Defendants.

## ORDER

This matter comes before the Court upon *pro se* Defendant Roger Saul's "Defendant's Response. [sic] to Plaintiff's 'Notice of Completion. [sic] of Briefing' and Defendant's Request for Leave of Court to File MSJ 'Sur-Reply'" (Motion for Leave to File Surreply), filed December 27, 2017. (Doc. 68). In that Motion for Leave to File Surreply, Saul seeks leave to file a surreply to Plaintiff's Opposed Motion for Summary Judgment (Doc. 57). On January 5, 2018, Saul, in fact, filed "Defendant Roger Saul's 'Sur-Reply' to Plaintiff's 'Reply in Support of Opposed Motion for Summary Judgment'" (Surreply). (Doc. 70).

In response to the Surreply, Plaintiff filed a "Notice Regarding Saul's Surreply [Doc. No. 70]" on January 18, 2018. (Doc. 72). Plaintiff argues that the Court should not grant the Motion for Leave to File Surreply because Saul "fail[s] to identify any new arguments" in Plaintiff's reply and "[t]here is nothing in Saul's surreply that Saul could not have raised in a timely manner." *Id.* at 1. Plaintiff further asks that the Court disregard the Surreply since Saul did not obtain leave to file the Surreply as required by Local Rule 7.4(b) ("The filing of a surreply requires leave of the Court."). *Id.* at 1-2. Should the Court allow consideration of the Surreply,

Plaintiff requests that the Court give Plaintiff "leave to file a brief addressing the specific issues raised by Saul in his surreply." *Id.* at 2.

On January 24, 2018, Saul filed "Defendant Roger Saul's Combined Notice(s)/Response(s)." (Doc. 74). In that filing, Saul states that he is

> not in opposition should the Court "disregard Saul's surreply Doc #70", and/or waive requirement of a Response/Briefing from Plaintiff: [Explanation: my concurrent Motion for Sanctions may sufficiently cover/explain "new issues" (or nuances thereof)].

(Doc. 74) at 1. In light of this statement, the Court finds that the Motion for Leave to File Surreply is moot and, thus, should be denied. Consequently, the Court will not consider the Surreply (Doc. 70) in deciding the Opposed Motion for Summary Judgment (Doc. 57).

IT IS ORDERED that

1. "Defendant's Response. [sic] to Plaintiff's 'Notice of Completion. [sic] of Briefing' and Defendant's Request for Leave of Court to File MSJ 'Sur-Reply'" (Doc. 68) is denied as moot; and

2. the Surreply (Doc. 70) is not to be considered in ruling on the Opposed Motion for Summary Judgment (Doc. 57).

_____
UNITED STATES DISTRICT JUDGE