IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW YORK LIFE INSURANCE COMPANY,

    Plaintiff,

vs.                                                  Civ. No. 17-621 KG/KK

ROGER SAUL, ROSANNE SILVA and
ESTATE OF JAMES SILVA SR. deceased,

    Defendants.

ROGER SAUL and ROSANNE SILVA,

    Plaintiffs,

vs.                                                  Civ. No. 18-411 JCH/LF

NEW YORK LIFE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF CONSOLIDATION

This matter comes before the Court upon Plaintiff's "Opposed Motion to Consolidate Case No. 1:17-CV-00621 with Case No. 1:18-CV-00411" (Motion to Consolidate), filed on May 4, 2018. (Doc. 80). *Pro se* Defendant Roger Saul filed a response on May 15, 2018, and Plaintiff New York Life Insurance Company (New York Life) filed a reply on May 30, 2018.[1] (Docs. 82 and 86). Having reviewed the Motion to Consolidate and the accompanying briefing, the Court grants the Motion to Consolidate.

---

[1] Saul also filed an unauthorized surreply, (Doc. 88), on June 6, 2018, which the Court will not consider. *See* D.N.M. LR-Cv 7.4(b) ("The filing of a surreply requires leave of the Court.").

*A. Background*

New York Life filed this declaratory judgment lawsuit, Civ. No. 17-621 KG/KK, to seek a declaration that the life insurance policy New York Life issued to James Silva Sr. was rescinded and that New York Life should not pay out the proceeds of that policy. New York Life sued Rosanne Silva, the policy beneficiary; Saul, who has an interest in the policy proceeds; and the estate of James Silva Sr. In response to New York Life's claims, Saul brought breach of contract, insurance bad faith, and unfair claims practices counterclaims against New York Life. (Doc. 6).

Rosanne Silva and Saul subsequently filed a lawsuit against New York Life in state metropolitan court arising from the policy at issue in Civ. No. 17-621 KG/KK. (Doc. 80-1). In that lawsuit, Rosanne Silva and Saul argue that the policy was not rescinded because New York Life allegedly engaged in fraud, forgery, concealment, non-disclosure, and negligent representation. (Doc. 80-1). Rosanne Silva and Saul also allege that New York Life intentionally inflicted emotional distress. *Id.* New York Life removed that lawsuit to this Court on the basis of diversity subject matter jurisdiction. (Doc. 80-2). New York Life now moves to consolidate the removed lawsuit, Civ. No. 18-411 JCH/LF, with this lawsuit pursuant to Fed. R. Civ. P. 42(a)(2).

*B. Discussion*

"If actions before the court involve a common question of law or fact, the court may" consolidate the actions. Fed. R. Civ. P. 42(a)(2). Whether to grant a motion to consolidate is in the trial court's discretion. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (reiterating that consolidation determinations are discretionary). Once the district court determines there is a common question of law or fact, the court "weigh[s] the interests of judicial

convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The party moving for consolidation bears the "burden of proving that consolidation is desirable…." *Id*.

Here, the cases involve a common question of law: was the insurance policy issued to James Silva Sr. rescinded? In resolving that common question of law, questions of fact arise which are also common to both lawsuits. Moreover, the interests of judicial convenience in consolidating the two cases outweigh any delay, confusion, or prejudice that consolidation could produce. The Court concludes New York Life has shown that consolidation under Rule 42(a)(2) is appropriate.

IT IS ORDERED that

1. New York Life's "Opposed Motion to Consolidate Case No. 1:17-CV-00621 with Case No. 1:18-CV-00411" (Doc. 80) is granted;

2. *Saul, et al. v. New York Life Insurance Company*, Civ. No. 18-411 JCH/LF is consolidated into *New York Life Insurance Company v. Saul, et al.*, Civ. No. 17-621 KG/KK for all purposes, including trial; and

3. all pleadings will be filed forthwith in *New York Life Insurance Company v. Saul, et al.*, Civ. No. 17-621 KG/KK.

UNITED STATES DISTRICT JUDGE