IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW YORK LIFE INSURANCE
COMPANY,

    Plaintiff,

vs.                                                          Civ. No. 17-621 KG/KK

ROGER SAUL, ROSEANNE SILVA, and
ESTATE OF JAMES SILVA, deceased,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Defendant Roger Saul's "Defendants [sic] Motion for Reconsideration of 'Declaration of Validity'" (Motion for Reconsideration), filed November 1, 2018. (Doc. 99). Saul requests that the Court reconsider its October 11, 2018, Memorandum Opinion and Order (Doc. 97) in which the Court granted Plaintiff's Opposed Motion for Summary Judgment (Doc. 57). Plaintiff responded to the Motion for Reconsideration on November 14, 2018. (Doc. 100). Saul replied on December 14, 2018; filed a "Supplement/Exhibit" on December 20, 2018; and filed a "Bates Ordering Supplement" on December 26, 2018. (Docs. 102, 103, and 104). Having considered the Motion for Reconsideration, the accompanying briefing and supplements, and the Memorandum Opinion and Order (Doc. 97), the Court denies the Motion for Reconsideration.

Saul does not specify if he is bringing the Motion for Reconsideration under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). The Court construes a motion to reconsider a judgment as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment or order, depending on its filing date. *Van Skiver v. United States*, 952 F.2d 1241,

1243 (10th Cir. 1991) (stating Rule 59(e) and 60(b) are distinct, and noting that which rule applies depends on when motion for reconsideration served). Because Saul filed the Motion for Reconsideration within 28 days of the Court's entry of the Memorandum Opinion and Order (Doc. 97) and the accompanying Final Summary Judgment and Declaratory Judgment (Doc. 98), the Court construes the Motion for Reconsideration as a Rule 59(e) motion. *See id.* (observing that "[i]f a motion is served within [28] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b).") (internal citations omitted); Fed. R. Civ. P. 59(e) (stating that "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) (ruling that "court finds petitioner has failed to meet his burden for relief under Fed. R. Civ. P. 59(e)"). "Grounds warranting a motion to alter or amend the judgment pursuant to Rule 59(e) 'include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e), however, does not allow a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. Moreover, "[r]aising a mere disagreement with a court's prior decision[] is insufficient" to grant a motion to reconsider. *Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 516-17 (D.N.J. 2014) (citation omitted).

To begin with, the Court will not consider Saul's arguments that simply rehash previous arguments nor will the Court consider arguments which Saul could have raised before now. The Court further notes that Saul has not provided the Court with either new controlling law or new evidence not available previously. The question, then, is whether the Court should vacate its Memorandum Opinions and Order (Doc. 97) and the Final Summary Judgment and Declaratory Judgment (Doc. 98) to "correct clear error or prevent manifest injustice."

The Tenth Circuit has defined "clear error" as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not precisely defined "manifest injustice" within the meaning of Rule 59(e), courts commonly define that term as "[a] direct, obvious, and observable error in a trial court ...." *Black's Law Dictionary* (10th ed. 2014). Saul has not convinced the Court that the analyses and conclusions in the Memorandum Opinion and Order (Doc. 97) are either arbitrary, capricious, whimsical, or manifestly unreasonable. Furthermore, Saul fails to demonstrate that the Memorandum Opinion and Order (Doc. 97) contains direct, obvious, and observable error. Hence, Saul has not shown that the Court should alter or amend the Memorandum Opinion and Order (Doc. 97) or the Final Judgment and Declaratory Judgement (Doc. 98) "to correct clear error or prevent manifest injustice."

In sum, Saul simply disagrees with the Court's decision to grant Plaintiff's motion for summary judgment. Consequently, Saul has not carried his burden of showing that he is entitled to Rule 59(e) relief. The Court, therefore, DENIES the Motion for Reconsideration (Doc. 99).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE