IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW YORK LIFE INSURANCE
COMPANY,

    Plaintiff,

vs.                                                                    Civ. No. 17-621 KG/KK

ROGER SAUL, ROSEANNE SILVA, and
ESTATE OF JAMES SILVA, deceased,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Defendant Roger Saul's "Motion to Vacate Order Denying Reconsideration" (Motion to Vacate), filed May 6, 2019. (Doc. 107). Saul moves the Court to modify, amend, correct, or reconsider the Court's April 26, 2019, Memorandum Opinion and Order (Doc. 106) denying "Defendants [sic] Motion for Reconsideration of 'Declaration of Validity'" (Motion for Reconsideration) (Doc. 99). Plaintiff responded to the Motion to Vacate on May 17, 2019. (Doc. 108). Plaintiff requests that the Court strike or deny the Motion to Vacate, "admonish Saul for his improper filings and bar Saul from filing any additional papers, or, in the alternative, enter an order allowing New York Life to wait to file responses to any new papers filed by Saul unless and until the Court orders briefing on Saul's papers." (Doc. 108) at 1. Saul replied on May 24, 2019. (Doc. 109).

Having considered the Motion to Vacate and the accompanying briefing, the Court denies the Motion to Vacate and warns Saul that any further filing of repetitive or frivolous papers will result in the Court imposing filing restrictions and/or sanctions on him.

In the April 26, 2019, Memorandum Opinion and Order, the Court construed the Motion for Reconsideration as a Fed. R. Civ. P. 59(e) motion to alter or amend the summary judgment entered in favor of Plaintiff. (Doc. 106) at 1. The Court, therefore, considered whether Saul properly brought the Motion for Reconsideration on the basis of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Id.* at 2 (quoting *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018)). The Court noted that Rule 59(e) does not permit a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). In addition, the Court observed that "[r]aising a mere disagreement with a court's prior decision[] is insufficient" to grant a motion to reconsider. *Id.* (quoting *Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 516-17 (D.N.J. 2014) (citation omitted)). The Court concluded that "Saul simply disagrees with the Court's decision to grant Plaintiff's motion for summary judgment." *Id.* at 3. Consequently, the Court denied the Motion for Reconsideration. *Id.*

Saul now argues that the Court should vacate the April 26, 2019, Memorandum Opinion and Order because (1) there is an intervening change in his knowledge of controlling law, (2) he has knowledge of law previously unavailable to him, and (3) there is a "[n]eed to correct clear error or prevent manifest injustice." (Doc. 107) at 1. These arguments fail for the following reasons.[1]

---

[1] The Court also notes that the Federal Rules of Civil Procedure do not provide for a motion to reconsider the denial of a motion to reconsider.

2

First, an intervening change in Saul's knowledge of the law is not an intervening change in the controlling law.  Second, Saul's knowledge of law previously unavailable to him does not constitute "new evidence."  Third, Saul puts forth the same arguments he previously raised in his briefing of the Motion for Reconsideration to show a "need to correct clear error or prevent manifest injustice."  *Compare* (Doc. 107) at 5 with (Doc. 102) at 3-6.  The Court has already considered those argument and will not revisit those arguments yet again.

If Saul disagrees with the Court's decision to enter summary judgment in Plaintiff's favor, he is at liberty to file an appeal.  If Saul continues to file repetitious or frivolous papers, the Court may restrict Saul's ability to file papers.  In addition, the Court could sanction Saul, including ordering payment of Plaintiff's attorney's fees and costs, if he files repetitious or frivolous papers.

THEREFORE, IT IS ORDERED that

1. the Motion to Vacate Order Denying Reconsideration (Doc. 107) is denied;

2. Saul is admonished not to file repetitious and frivolous papers; and

3. if Saul files repetitious and frivolous papers, he may be subject to filing restrictions and/or sanctions.

_____
UNITED STATES DISTRICT JUDGE